2026 Tex. Bus. 11



THE BUSINESS COURT OF TEXAS
EIGHTH DIVISION

| | | |
|---|---|---|
| MICHAEL D. CRAIN, *individually and derivatively on behalf of* NORTHERN CRAIN REALTY, LLC, NORTHERN CRAIN PROPERTY MANAGEMENT, LLC, and NORTHERN CRAIN, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>WILLIAM "WILL" NORTHERN.<br><br>*Defendant.* | § § § § § § § § § § § § § | Cause No. 25-BC08A-0014 |

## MEMORANDUM OPINION AND ORDER

¶ 1    Pending before the Court is Defendant William "Will" Northern ("Northern")'s Motion to Dismiss Plaintiff Michael Crain's Derivative Claims for Lack of Standing—Plea to the Jurisdiction ("Plea"), filed February 3, 2026. Plaintiff Michael D. Crain ("Crain") filed his Response to Defendant Will Northern's Motion to Dismiss Plaintiff Michael Crain's Derivative Claims for Lack of Standing—Plea to the Jurisdiction and Motion for Reconsideration of Summary Judgment Ordering Specific Performance ("Response") on February 17, 2026 and his Request for Written Opinion on February 22,

2026. Northern filed his Reply and Response Brief on February 20, 2026.[1] Having considered the pleadings, motion, response, reply, and all relevant, applicable law, the Court finds Northern's Plea should be granted and Crain's derivative claims should be **DISMISSED** for want of subject-matter jurisdiction.

## I. BACKGROUND

¶ 2 On February 2, 2026, the Court issued its Amended Opinion and Order granting Northern's Motion for Summary Judgment for Specific Performance of Buy-Sell Purchase and ordering, *inter alia*, Crain to tender to Northern forms of Irrevocable Assignment of Membership Interest in Northern Crain Realty, LLC, Northern Crain Property Management, LLC, and Northern Crain, LLC ("NC Entities") with December 19, 2024, as the assignment date. *See* Amended Opinion and Order at 19. Northern now challenges Crain's standing to bring derivative claims against him on behalf of the NC Entities.[2] *See* Defendant's Motion to Dismiss Plaintiff Michael Crain's Derivative Claims for Lack of Standing—Plea to the Jurisdiction ("Plea") at 2. Northern avers, pursuant to Texas Business Organizations Code Section 101.463, Crain cannot pursue derivative claims on the NC Entities' behalf because he has not possessed a membership interest in each entity since December 19, 2024. *See* Plea at 3.

---

[1] Northern addresses Crain's Motion for Reconsideration in the Response Brief.

[2] Crain, on behalf of the NC Entities, brings the following claims against Northern: Breach of Fiduciary Duty, Fraud/Intentional Misrepresentation, Negligent Misrepresentation, Breach of Contract, Common Law Fraud, Fraud by Non-Disclosure, Quantum Meruit, Conspiracy, and Misappropriation of Confidential Information. *See* Plaintiff's Second Amended Petition at 39-40, 45-49.

¶ 3    Crain disagrees.  Interestingly, rather than addressing his ability to bring derivative claims, Crain asks the Court to reexamine its valuation of his membership interests and argues such "reconsideration of valuation necessarily precedes, and controls, Defendant's Plea to the Jurisdiction."[3]  Plaintiff's Response to Defendant William "Will" Northern's Motion to Dismiss Plaintiff Michael Crain's Derivative Claims for Lack of Standing—Plea to the Jurisdiction and Motion for Reconsideration of Summary Judgment Ordering Specific Performance ("Resp.") at 2 (footnote added).

## II.    APPLICABLE LAW

¶ 4    Standing is a constitutional prerequisite to suit.  *Sw. Bell Tel. Co. v. Mktg. on Hold Inc.,* 308 S.W.3d 909, 915 (Tex. 2010).  A court has no jurisdiction over a claim made by a plaintiff who lacks standing to assert it.  *DaimlerChrysler Corp. v. Inman,* 252 S.W.3d 299, 304 (Tex. 2008).  Thus, if a plaintiff lacks standing to assert one of his claims, the court lacks jurisdiction over that claim and must dismiss it.  *See Andrade v. NAACP of Austin,* 345 S.W.3d 1, 14 (Tex. 2011) (plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought).  Similarly, if the plaintiff lacks standing to bring any of his claims, the court must dismiss the whole action for want of jurisdiction.  *See Crown Life Ins. Co. v. Casteel,* 22 S.W.3d 378, 392 (Tex. 2000) (holding plaintiff had standing on some claims but not others and dismissing only those claims for which it lacked standing).

---

[3] Imbedded in Crain's Response to Northern's Plea is Crain's Motion for Reconsideration of Summary Judgment Ordering Specific Performance ("Motion for Reconsideration"), where he lodges a challenge to the Court's Buy-Sell Summary Judgment ruling and valuation of Crain's membership interests in the NC Entities. The Court does not find valuation reconsideration a prerequisite to ruling on Northern's Plea.  The Court will address Crain's Motion for Reconsideration in an independent Order.

¶ 5    Standing may be challenged through a plea to the jurisdiction. *See Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 553-54 (Tex. 2000). When a plea to the jurisdiction challenges the sufficiency of plaintiff's pleading to confer jurisdiction, the court determines whether the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The plea should be decided without delving into the merits of the case. *Bland*, 34 S.W.3d at 554. Further, a plea should not be granted if a jurisdictional fact issue is present. *Miranda*, 133 S.W.3d at 227-28. In making its determination the court takes as true all evidence favorable to the plaintiff. *See id.*

### III.    ANALYSIS

¶ 6    No longer a member of the NC Entities, Crain lacks standing to assert derivative claims on the entities' behalf. A derivative proceeding is a civil suit in the right of a domestic corporation. TEX. BUS. ORGS. CODE ANN. § 101.451. Texas Business Organizations Code Section 101.463 addresses both "derivative proceeding brought by a member of a closely held limited liability company ("LLC")" and "recovery in a direct or derivative proceeding by a member." *Id*. § 101.463 (internal citation added). Additionally, Section 101.452 provides statutory standing requirements for LLC members bringing derivative suits. *See* i*d.* at § 101.451. The statutory construction supports only an LLC member bringing suit on the LLC's behalf and Texas courts have held as much. *In re LoneStar Logo & Signs, LLC*, 552 S.W.3d 342, 347 (Tex. App. 2018) (membership status at time of filing lawsuit required for standing).

¶ 7    Based on the Court's determinations in its Amended Opinion and Order, Crain was not a member of the NC Entities when he filed suit on June 20, 2025 in Tarrant County District Court.    Crain's membership interest terminated on the effective membership interest sale date, meaning he has not possessed a membership interest in the NC Entities since December 19, 2024.  Because Crain was not an NC Entities member at the time his derivative claims accrued, he lacks stake in the outcome of the derivative suit. Northern has affirmatively demonstrated that the Court lacks jurisdiction to hear Crain's derivative claims on behalf of the NC Entities.  Because Crain lacks standing to bring a derivative suit, such derivative claims must be dismissed.

## IV.    CONCLUSION

¶ 8    Crain lacks standing to bring derivative claims on the NC Entities' behalf. Accordingly, the derivative claims must be dismissed for want of jurisdiction.

¶ 9    Based on the foregoing, it is **ORDERED** that Northern's Plea is **GRANTED** and Crain's derivative claims are **DISMISSED** for lack of subject-matter jurisdiction.

_____
Judge, Texas Business Court,
Eighth Division

SIGNED: March 11, 2026.